United States District Court
Southern District of Texas

**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RENE GARIBAY-ROBLEDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-595 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Rene Garibay-Robledo is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing.

In January 2026, the Northern District of Texas denied Petitioner's claim to habeas relief, finding that he was not entitled to a bond hearing as a matter of statutory or constitutional law. *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 749 (N.D. Tex. 2026).  Petitioner alleges that he does not seek to re-litigate that decision, claiming that the district court "did not consider at that time whether his detention had become *prolonged*[,]" and alleging that his 15 months of confinement without a merits-based bond hearing violates his rights under the due process clause of the Fifth Amendment. (Pet., Doc. 1, ¶ 26) (emphasis in original).

As an initial matter, the Court disagrees that Petitioner's current habeas action presents a claim distinct from the one he presented in his initial lawsuit before the Northern District of Texas.  That court also considered, and rejected, Petitioner's substantive and procedural due process claims under the due process clause of the Fifth Amendment, *see Garibay-Robledo*, 814 F.Supp.3d at 760, the same constitutional provision on which he bases his current claims.

In any event, Petitioner's as-applied challenge to his ongoing detention under the Fifth Amendment fails.  The Supreme Court has consistently upheld the Government's authority to

hold aliens without bond during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (declining to require bond hearings every six months for detained aliens in removal proceedings); *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Even if the Court assumes that detention during immigration removal proceedings could become so unreasonably prolonged as to entitle the alien to a bond hearing under the Fifth Amendment, Petitioner's 15-month detention does not rise to that level.

For these reasons, the Court finds that Petitioner does not present a viable claim for relief. As a result, it is:

**ORDERED** that Petitioner Rene Garibay-Robledo's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is direct to close this case.

Signed on June 1, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge